## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

IN RE:                                    **CHAPTER 7 CASE**
**LILO BENZICRON**
                                          **CASE NO.: 18-11661-SDB**
        **Debtor.**

### TRUSTEE'S MOTION TO SELL AND TO COMPROMISE CERTAIN CLAIMS

COMES NOW, Joseph E. Mitchell, III, the duly appointed and acting Chapter 7 Trustee in the instant matter, and files his Motion to Sell and to Compromise Certain Claims and states as follows,

1.      The instant case was commenced as a Chapter 11 case on November 21, 2018.  Said case was voluntarily converted to a case under Chapter 7 on July 7, 2020.  Joseph E. Mitchell, III ("Trustee") is the duly appointed and acting Chapter 7 Trustee in the instant matter.

2.      Debtor is an individual who historically has been self employed as an antique race car mechanic/repairman/restorer who occasionally buys and sells antique race car parts.  Prior to and during the Chapter 11, the Debtor conducted his business out of two warehouses, one of which is located in Williston, South Carolina ("Williston") and one of which is located in Barnwell, South Carolina ("Barnwell").

3.      Included in the assets of the instant case are the Debtor's non-exempt equity in various items of personal items and personal property used in his former business.  According to the schedules filed by the Debtor in the instant case (and using Debtor's values), the cumulative value of such assets is approximately $275,000.00, with most such value being attributed to Debtor's business assets (parts, tools, inventory, etc.).

4.      Additional potential assets of the instant case are potential claims for avoidance of certain pre-petition transfers made by the Debtor to various family members pursuant to 11 USC §

547 and 548.  Such transfers are described in the Debtor's filed Schedules, Statement of Financial Affairs, and First Amended Disclosure Statement.

5.      The Debtor's wife, Klara Benzicron ("Mrs. Benzicron"), has offered to buy substantially all of the assets of the Debtor's estate for the lump sum payment of $125,000.00, plus other terms and conditions as set forth herein.  Such payment would be made within five (5) days of any Order approving the instant transaction becoming final.

6.      More specifically, Trustee seeks permission to sell substantially all of the assets of the Debtor's estate to Mrs. Benzicron on the following terms and conditions:

a.      Upon tender of the lump sum payment of $125,000.00 to the Trustee, the Trustee would transfer all of the otherwise unencumbered assets of the Debtor, to include, but which is not limited to, all of the Debtor's otherwise unencumbered equipment, inventory, tools, furniture, clothes, and personal effects, which transfer shall be free and clear of all liens, with any valid and perfected liens attaching to the sales proceeds; and

b.      Such transfer would NOT include any amounts of money which were on deposit with any bank/financial institution and owned by the Debtor, or in any "Debtor in Possession" account on the date of conversion, to the extent that such sums exceed $1,000.00 (in the aggregate).  Any amounts less than $1,000.00 in the aggregate would remain the sole and separate property of the Debtor, free and clear of all claims by the Trustee; and

c.      The Trustee shall also transfer to Mrs. Benzicron, all encumbered assets of the Debtor, which are encumbered by perfected liens, subject to those valid and perfected liens; and

d.   The Chapter 7 Estate will waive and release all claims against those persons described in Responses to Questions 7, 8 and 16 in Debtor's Statement of Financial Affairs for (1) any money which may be owed to the Debtor or the Chapter 7 Estate as of the date of filing, and (2) which claims only arise by virtue of the transactions described in Responses to Questions 7, 8, and 16 of Debtor's Statement of Financial Affairs; and

e.   The Chapter 7 Estate will waive and release all claims against those persons described in Responses to Questions 7, 8 and 16 in Debtor's Statement of Financial Affairs for any claim arising under Chapter 5 of Title 11 of the United States Code (or any other substantially similar claim common or state law); and

f.   As a further condition of such transfer(s), the Debtor will waive any claim of exemption in any asset of the Estate which is being transferred to Mrs. Benzicron (such exemptions total over $20,000.00); and

g.   As a further condition of such transfer(s), Mrs. Benzicron and her affiliated companies/entities will waive any and all claims which they may/might make for any administrative expense claims to which they may become entitled against the Chapter 7 estate by virtue of any Estate property occupying (now or in the future), Barnwell and/or Williston, which claims may include claims for rent and/or insurance reimbursement; and

h.   As a further condition of such transfer(s), Mrs. Benzicron and her affiliated companies/entities will waive any rights to file any proofs of claims in the instant case for (1) any monies loaned to the Debtor, (2) which arose prior to the filing of the instant Title 11 case, (3) for any administrative expense incurred since the case was

filed, or (4) which arose or may arise during the pendency of the instant case.

i.    As a further condition of such transfer, Mrs. Benzicron will cause the assets to be transferred hereunder to be continuously insured, for the benefit of the Estate from the date of conversion of the instant case until such time as the transaction contemplated by this Motion is consummated; and

j.    As a further condition and term of such transaction, Mrs. Benzicron may, without the consent of any party assign her rights (but not her obligations) as set forth in this Motion.

k.    The transfer of unencumbered assets from the Estate to Mrs. Benzicron would be by Trustee's Bill of Sale/Deed with no warranties of any kind, other than the standard "free and clear" language contained in the Court's Order approving the transaction.

7.    Mrs. Benzicron is admittedly an insider.  Notwithstanding, the Trustee believes such transaction to be in the best interest of the Estate and its creditors.  The Trustee was advised several weeks ago of the pending conversion of the instant case and that in all likelihood, Trustee would be appointed as Chapter 7 Trustee.  Given the location of the assets and their unique nature, prior to his appointment, the Trustee travelled to both Williston and Barnwell and inspected all of the subject assets as well as Williston and Barnwell warehouses.  The business personalty is a smattering of hundreds various items and parts, all in various states of repair, in no organized fashion.

8.    The transaction sought to be approved herein provides several economic benefits to the Estate in addition to the payment of the lump sum purchase price.  Consummation of the transaction provided for herein is essentially a liquidation of most if not all of the assets in the case, which provides for a quick and efficient administration for creditors.  Further, the transaction allows the Trustee to avoid potential costs of sale which the Trustee anticipates would be costly.  The only

conceivable way to liquidate the hundreds of small assets would be through some sort of auction process, which would prove timely (several months), with costs of preparation (inventorying itself could take months), and costs of marketing. Such a process would also in turn create further administrative costs which are not insignificant and would have to be borne by the Estate, by way of rent and insurance for one or both of Barnwell and Williston.

9.    Further complicating matters is that Barnwell was sold to an unrelated party at a Barnwell County, South Carolina tax sale in November of 2019. Accordingly (and under applicable South Carolina law), any rights of redemption to such sale expire and are foreclosed as a matter of law (without any further action) in November of 2020. After such period, Barnwell will be unequivocally owned by a third party (who is not known to the Trustee) and Trustee will be forced to negotiate some sort of leasehold with such party until the assets there can be liquidated and/or moved out.

10.    The Trustee has further examined and investigated the potential claims of the Estate pursuant to 11 U.S.C. § 547 and 548 and determined that, given the available defenses to such actions and the cost of litigation, such causes of action have little if any value.

WHEREFORE, Trustee respectfully requests that this Court:

a.    Enter an Order allowing Trustee to consummate the transaction described herein; and

b.    Enter an Order authorizing the Trustee to take such other and further steps and executed such other documents and instruments as may be necessary in Trustee's business judgment to consummate the transaction described herein; and

c.    Issue such other and further relief as this Court deems necessary and proper.

This 9th day of July, 2020.

/s/ Joseph E. Mitchell, III
Joseph E. Mitchell, III
Chapter 7 Trustee
State Bar No. 513205
Post Office Box 2504
Augusta, Georgia 30903
706-826-1808
MITCHELLJE@BELLSOUTH.NET

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing "TRUSTEE'S MOTION TO SELL AND TO COMPROMISE CERTAIN CLAIMS" upon all parties by placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

Lilo N. Benzicron
2926 BRANSFORD ROAD
AUGUSTA, GA  30909

This is to certify that the below-named parties have this day been served a copy of the above-referenced document via CM/ECF electronic mail:

Office of the United States Trustee
E-mail: Ustpregion21.sv.ecf@usdoj.gov

Matthew E. Mills
E-mail: ustpregion21.sv.ecf@usdoj.gov

Jason Wendell Blanchard
E-mail: jason.blanchard@usdoj.gov

George Barry Cauthen
E-mail: george.cauthen@nelsonmullins.com

Gwendolyn J Godfrey
E-mail: ggodfrey@polsinelli.com

Francesca Macchiaverna
E-mail: fmacchiaverna@huntermaclean.com

Gregory M. Taube
E-mail: greg.taube@nelsonmullins.com

Charles W. Wills
E-mail: charles@willslawfirmllc.com

Lisa Wolgast
E-mail: lwolgast@mmmlaw.com

James C. Overstreet, Jr., Attorney For Debtor
Email: jco@klosinski.com

This 9th day of July, 2020.

/s/ Joseph E. Mitchell, III
Joseph E. Mitchell, III
Chapter 7 Trustee
State Bar No. 513205
Post Office Box 2504
Augusta, Georgia 30903
706-826-1808
MITCHELLJE@BELLSOUTH.NET