**IT IS ORDERED as set forth below:**



Date: August 24, 2020

_Susan D. Barrett_
United States Bankruptcy Judge
Southern District of Georgia

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 CASE |
| LILO BENZICRON | |
| | CASE NO.: 18-11661-SDB |
| Debtor. | |

### ORDER ON TRUSTEE'S MOTION TO SELL AND TO COMPROMISE CERTAIN CLAIMS

This matter came before the Court upon the Motion of, Joseph E. Mitchell, III, the duly appointed and acting Chapter 7 Trustee in the instant matter, and seeking permission to sell and compromise certain assets of the Chapter 7 Estate and certain claims of the Chapter 7 Estate. In addition to appearances by the Trustee, the Debtor and counsel for the Debtor, Barnwell County Economic Development Corporation appeared by counsel. After a hearing on the Motion and for good cause shown, such Motion is hereby Ordered GRANTED.

The Trustee shall be authorized to sell substantially all of the assets of the instant Chapter 7 Estate to Klara Benzicron, the wife of the Debtor, on the following terms and conditions:

a. Upon tender of the lump sum payment of $125,000.00 to the Trustee, the Trustee shall transfer all of the otherwise unencumbered assets of the Debtor, to include, but which is not limited to, all of the Debtor's otherwise unencumbered equipment, inventory, tools, furniture, clothes, and personal effects, which transfer shall be free and clear of all liens, with any valid and perfected liens attaching to the sales proceeds; and

b. Such transfer shall NOT include any amounts of money which were on deposit with any bank/financial institution and owned by the Debtor, or in any "Debtor in Possession" account on the date of conversion, to the extent that such sums exceed $1,000.00 (in the aggregate). Any amounts less than $1,000.00 in the aggregate shall remain the sole and separate property of the Debtor, free and clear of all claims by the Trustee; and

c. The Trustee shall also transfer to Mrs. Benzicron, all encumbered assets of the Debtor, which are encumbered by perfected liens, subject to those valid and perfected liens and with the consent of the lienholder; absent consent of the lienholder, encumbered property will not be transferred and the purchase price shall not be reduced; and

d. Upon payment of the purchase price by Mrs. Benzicron, the Chapter 7 Estate shall be deemed to have waived and released all claims against those persons described in Responses to Questions 7, 8 and 16 in Debtor's Statement of Financial Affairs for (1) any money which may be owed to the Debtor or the Chapter 7 Estate as of the date of

    filing, and (2) which claims only arise by virtue of the transactions described in Responses to Questions 7, 8, and 16 of Debtor's Statement of Financial Affairs; and

e. Upon payment of the purchase price by Mrs. Benzicron, the Chapter 7 Estate shall be deemed to have waived and released all claims against those persons described in Responses to Questions 7, 8 and 16 in Debtor's Statement of Financial Affairs for any claim arising under Chapter 5 of Title 11 of the United States Code (or any other substantially similar claim common or state law); and

f. As a further condition of such transfer(s), the Debtor waives any claim of exemption in any asset of the Estate which is being transferred to Mrs. Benzicron (such exemptions total over $20,000.00); and

g. As a further condition of such transfer(s), Mrs. Benzicron and her affiliated companies/entities[1] waives any and all claims which they may/might make for any administrative expense claims to which they may become entitled against the Chapter 7 estate by virtue of any Estate property occupying (now or in the future), Barnwell and/or Williston (as such terms are defined in Trustee's Motion"), which claims may include claims for rent and/or insurance reimbursement; and

h. As a further condition of such transfer(s), Mrs. Benzicron and her affiliated companies/entities will waive any rights to file any proofs of claims in the instant case for (1) any monies loaned to the Debtor, (2) which arose prior to the filing of the instant Title 11 case, (3) for any administrative expense incurred since the case was filed, or (4) which arose or may arise during the pendency of the instant case.

i. As a further condition of such transfer, Mrs. Benzicron shall have caused the assets to

---

[1] CrossRoads SA, LLC, and Benzicron Family Revocable Trust

    be transferred hereunder to be continuously insured, for the benefit of the Estate from the date of conversion of the instant case until such time as the transaction contemplated by this Order is consummated; and

j. As a further condition and term of such transaction, Mrs. Benzicron may, without the consent of any party assign her rights (but not her obligations) as set forth in this Motion.

k. The transfer of unencumbered assets from the Estate to Mrs. Benzicron shall be by Trustee's Bill of Sale/Deed with no warranties of any kind, other than the "free and clear" language contained herein.

The Trustee is further authorized and empowered to take such other and further steps and executed such other documents and instruments as may be necessary in Trustee's business judgment to consummate the transaction approved herein.

Nothing in this Order shall preclude Barnwell County Economic Development Corporation from seeking allowance of an administrative expense claim or any other claim to which it may be entitled against the Chapter 7 estate by virtue of any Estate property occupying Barnwell at any time, including, without limitation, claims for rent reimbursement. Such preclusion shall not operate to automatically create any rights or vest any rights in the Barnwell County Economic Development Corporation absent further leave of this Court.

[END OF DOCUMENT]

Signatures Continued Next Page

Presented By:

/s/ Joseph E. Mitchell, III
Joseph E. Mitchell, III
Chapter 7 Trustee
State Bar No. 513205
Post Office Box 2504
Augusta, Georgia 30903
706-826-1808
MITCHELLJE@BELLSOUTH.NET

I consent:

/s/ Gregory M. Taube
Gregory M. Taube
Georgia Bar No. 699166
Attorney For Barnwell County Economic Development Corporation
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW, Suite 1700
Atlanta, Georgia 30363
(404) 322-6000 (Phone)
(404) 322-6050 (Fax)
greg.taube@nelsonmullins.com



I consent:

/s/ James C. Overstreet, Jr.
James C. Overstreet, Jr.
Attorney For Debtor
KLOSINSKI OVERSTREET, LLP
1229 Augusta West Parkway
Augusta, Georgia 30909
706-863-2255